UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AJAY KUMAR,

                Petitioner,

v.

KRISTI NOEM, et al.,

                Respondents.

No. 1:26-cv-01148-DJC-AC

ORDER

Presently before the Court is Petitioner's Motion to Enforce.  (ECF No. 15.)  For the reasons stated below, Petitioner's Motion is granted.  The Court orders that Respondents provide Petitioner with a new, constitutionally adequate bond hearing.

**BACKGROUND**

Petitioner Ajay Kumar is an immigration detainee presently in the custody of Immigration and Customs Enforcement ("ICE").  The Court previously granted Petitioner's Petition for Writ of Habeas Corpus, finding that Respondents' re-detention of Petitioner violated his due process rights.  (*See* ECF No. 13.)  The Court ordered Respondents to provide Petitioner a constitutionally adequate bond hearing before an Immigration Judge ("IJ"), where the Government would bear the burden of establishing, by clear and convincing evidence, that Petitioner posed a danger to the community or risk of flight.  (*Id.* at 2.)

1

On February 19, 2026, Petitioner appeared before an IJ for the scheduled hearing.  During the hearing, the Department of Homeland Security ("DHS") presented two arguments for detention.[1]  First, the DHS argued that Petitioner was a flight risk based on the fact that a sponsor, who provided a letter for Petitioner's bond packet, stated they had a relationship with Petitioner and that Petitioner's last known address was in Fresno, California.  The DHS noted that Petitioner's I-589 Application showed a New York residential address, but that his mailing address was in Fresno, California.  The Government argued that the failure to mention the New York address indicated the sponsor did not know the Petitioner as well as the Sponsor represented in their letter, and that the relationship was unsubstantiated.  The Government also suggested that Petitioner may have limited immigration relief available to him.  Based exclusively on the purported address inconsistency in the sponsor letter and the claim that only limited relief was likely available to Petitioner, the Government argued that Petitioner was a flight risk.  The Government secondarily argued that Petitioner presented a danger to the community based on a January 12, 2026, encounter with federal law enforcement.[2]

At the conclusion of that hearing, the IJ found that DHS had met its burden to establish by clear and convincing evidence that Petitioner was such a risk of flight that no amount of bond was appropriate.  No other explanation or basis for that finding was stated on the record.  The written order subsequently issued by the IJ simply restated that bond was "[d]enied, because the Department has met its burden to prove by clear and convincing evidence that Respondent is such a flight risk that no

---

[1] The Court initially requested a transcript of the proceedings.  (ECF No. 16.)  After Respondents informed the Court that no transcript was available, the Court requested that a recording be lodged.  (ECF No. 18.)  That recording has been reviewed by the Court, and the contents of it are referenced here.

[2] As the Immigration Judge did not find that Petitioner presented a danger to the community or that detention was warranted based on this incident, the Court does not discuss this argument further.

conditions of bond or release are appropriate." (ECF No. 17-1 at 1.) No further explanation was provided.

Petitioner now argues that the hearing he was provided was insufficient to satisfy his due process rights. (Mot. (ECF No. 15).) Petitioner requests that the Court find that the hearing provided was not in compliance with the Court's order and that the Court order Petitioner released from Respondents' custody. Respondents oppose Petitioner's Motion. (Opp'n (ECF No. 17).)

**LEGAL STANDARD**

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. March 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Petitioner is seeking to enforce the Court's Order as to the standard imposed at the bond hearing. Petitioner argues that the Court ordered a constitutionally adequate bond hearing with the burden on the Government to prove dangerousness or risk of flight by clear and convincing evidence, but that the hearing failed to comply with that Order. Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was provided. Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

**DISCUSSION**

The Court finds that Petitioner has sufficiently demonstrated that the IJ's finding that Petitioner was such a flight risk that no amount of bond was appropriate was an abuse of discretion.  In its prior Order, the Court ordered that Respondents provide Petitioner with a bond hearing where the Government bore the burden of establishing that detention as necessary by clear and convincing evidence.  This clear and convincing standard requires DHS to present evidence that establishes "an abiding conviction that the truth of its factual contentions at issue are highly probable." *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); *see Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015).  This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." *Colorado*, 467 U.S. at 316.

As an initial issue, the IJ's decision fails to identify the basis for the flight risk determination.  Both orally at the conclusion of the bond hearing and in the subsequent written order, the Immigration Judge only stated that the Government had met its burden to establish that Petitioner is a flight risk.  In *Franco-Rosendo v. Gonzalez*, 454 F.3d 965 (9th Cir. 2006), the Ninth Circuit stated that "[t]he BIA abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for denying a motion to reopen." *Id.* at 966 (internal citations and quotation marks omitted).  This applies with equal force where the Court reviews an Immigration Judge's decision to deny release on bond for abuse of discretion.  *See Miri v. Bondi*, No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *8–9 (C.D. Cal. Mar. 5, 2026) (finding an abuse of discretion where an immigration judge did not explain the reasons for denying bond).  The IJ's failure to provide any basis for the decision that Petitioner was a risk of flight, beyond a conclusory statement that DHS had met its burden, was thus an abuse of discretion.

Even if the Court were to accept that the IJ adopted in full the DHS's reasoning, the decision to find that Petitioner was a risk of flight based on the Respondents' arguments was an abuse of discretion.  DHS's argument that Petitioner was a flight risk was almost entirely predicated on the fact that a sponsor letter, provided in Petitioner's bond packet, stated Petitioner's last known address was in Fresno, while Petitioner's I-589 Application showed his "residential address" as located in New York.  DHS argued that this difference showed that the relationship between the Petitioner and sponsor was unsubstantiated.  Notably, Counsel for DHS expressly stated during the hearing that the I-589 Application listed the Fresno address as Petitioner's mailing address.  Thus, it does not appear that there was any inconsistency between the sponsor's statement that Petitioner's last known address is in Fresno and the mailing address listed in the I-589 Application.  Moreover, even if the failure to also mention the New York address did represent an inconsistency, DHS cannot meet its burden to prove, by clear and convincing evidence, that Petitioner is a flight risk simply by identifying that a sponsor was not aware of both addresses Petitioner maintained.  Again, this was a hearing in which the Government bore the burden of proof.  At best, the address argument presented by DHS undercuts the persuasiveness of one piece of evidence provided by Petitioner in support of his release.  It does not provide clear and convincing evidence that Petitioner presents a risk of flight.

During the bond hearing, DHS also argued briefly that Petitioner presented a risk of flight because the immigration relief available to him was potentially limited due to the delayed filing of the I-589 Application.  It is unclear why the potential barriers to obtaining immigration relief indicate that Petitioner is a flight risk.  But, at a minimum, it cannot be said that the limited availability of relief is evidence of flight that remotely approaches the clear and convincing standard the IJ purported to apply.

The absolute deficiency of the Government's attempt to meet its burden is further underscored by the factors generally considered in determining whether an

individual presents a flight risk.  "According to the Board of Immigration Appeals, a noncitizen's flight risk may be evaluated based on a number of factors including (1) whether the individual has a fixed address in the United States; (2) length of residence in the United States; (3) the individual's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from the authorities; and (9) the noncitizen's manner of entry to the Unites States."  *S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 627456, at *3 (E.D. Cal. Mar. 5, 2026), *findings and recommendations adopted in part by*, No. 1:26-cv-00356-DAD-SCR, 2026 WL 836327 (E.D. Cal. Mar. 26, 2026) (cleaned up) (citing *Matter of Guerra*, 24 I&N Dec. 37, *3 (BIA 2006)).  DHS's asserted grounds that Petitioner was a flight risk find no footing in any of these factors, or any other reasonable factor that might be adopted to measure an individual's risk of flight.

Based on the above, it is apparent that while the IJ stated the appropriate burden in making the determination that Petitioner was a risk of flight, that was mere "lip service" to the appropriate standard.  *See S.E. v. Noem*, 2026 WL 627456, at *4 (citing *Nat'l Res. Def. Council, Inc. v. Pritzker*, 828 F.3d 1125, 1135 (9th Cir. 2016)).  In actuality, the Government was not held to its burden, and the appropriate standard was plainly not applied.  Even if the IJ adopted, in full, DHS's flight risk argument, these arguments did not approach satisfying the clear and convincing burden placed on the Government.

The Court rejects Respondents' argument that Petitioner's Motion should be denied based on exhaustion grounds.  The hearing at issue was conducted pursuant to an order from this Court.  That Order also included the appropriate standard to be applied at that hearing.  Respondents' failure to comply with the terms of that Order by applying the standard expressly included in the terms of the Order is an issue

appropriately addressed by a motion to enforce the Court's order. *Leonardo v. Crawford*, which is cited by Respondents in their Opposition, is unrelated, as it does not concern a situation in which a court ordered a bond hearing with a specific burden of proof that was not imposed during the hearing. *See* 646 F.3d 1157, 1159 (9th Cir. 2011). Instead, the court in *Leonardo* ordered a bond hearing, which was provided, and the court found that the Government "complied exactly" with the court's order by providing that hearing. *Id.* at 1161. Here, the opposite is true: the Court expressly finds the Government <u>failed</u> to comply with its prior order in failing to provide a bond hearing with the appropriate standard stated in the Court's prior order.

Accordingly, the IJ's determination that Petitioner was such a flight risk that no amount of bond was appropriate was an abuse of discretion due to the failure to state the basis for that decision and the failure to apply the appropriate standard during the hearing. Petitioner's Motion is thus granted. The Court orders Respondents to provide Petitioner with a new bond hearing where the appropriate standard is applied, the Government is held to its burden, and any decision to detain Petitioner is supported by an adequate explanation for the basis of that finding.[3]

<strong>CONCLUSION</strong>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's Motion to Enforce (ECF No. 15) is GRANTED.

2. Within ten (10) days of this Order, Respondents shall afford Petitioner Ajay Kumar a new, constitutionally adequate bond hearing before an Immigration Judge. The Government shall bear the burden of

////

////

---

[3] In filing this Motion, Petitioner sought an order releasing him from ICE custody. (*See* Mot. at 13.) The Court does not yet find this to be appropriate. Such relief is beyond what was previously ordered. While the Court does not find that it is necessarily inappropriate for the Court to determine that further relief can be ordered where necessary, it does not find that this is appropriate at this time.

7

establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

IT IS SO ORDERED.

Dated:   **April 13, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE