UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AJAY KUMAR, | No. 1:26-cv-01148-DJC-AC |
| Petitioner, | |
| v. | RELEASE ORDER |
| KRISTI NOEM, et al., | A# 226-047-526 |
| Respondents. | |

Presently before the Court is Petitioner's second Motion to Enforce and associated Motion for Temporary Restraining Order.  (ECF Nos. 21, 22.)  The Court initially ordered that Petitioner receive a constitutionally adequate bond hearing on February 17, 2026.  (ECF No. 13.)  Petitioner was given a bond hearing where an Immigration Judge ("IJ") found that Petitioner was a flight risk and denied Petitioner release.  The Court later determined that the hearing Petitioner received was not constitutionally adequate, as the IJ had failed to identify any basis for the decision that Petitioner was a risk of flight and, even if the IJ had adopted the government's reasoning, the IJ had failed to apply the appropriate burden.  (ECF No. 20.)  The Court ordered the Petitioner receive a new bond hearing that was constitutionally adequate.

At the second hearing, Petitioner was again denied release on bond.  Petitioner filed the present motion arguing that the new hearing was again constitutionally

1

inadequate.  The Court requested that the Government file a recording of the hearing, after which Petitioner would be permitted to file a supplemental briefing.  (ECF No. 23.)  The Court also set a deadline for Respondents to respond to Petitioner's supplemented Motion.  (*Id.*)  The Government subsequently lodged the hearing recording (ECF Nos. 24, 25) and Petitioner filed a Supplemental Brief in Support of Motion to Enforce[1] (ECF No. 26).  Respondents did not file a response to the Motion by the deadline set in the Court's minute order.  The Court issued a subsequent order noting Respondents' failure to comply with the Court's Order and directed Respondents to file their response no later than July 2, 2026.  (ECF No. 29.)  Respondents were also expressly warned that "[t]he Court may construe Respondents' failure to file a timely response as a non-opposition to Petitioner's motion."  (*Id.*)  Respondents again failed to file a response or otherwise respond to this order.  Accordingly, the Court construes Respondents' failure to respond to Petitioner's Motion as Respondents' non-opposition to the Court granting that Motion in full.

Given Respondents' non-opposition, the Court grants Petitioner's Motion to Enforce (ECF No. 21).  The Motion also independently states valid grounds for the Court to grant Petitioner's Motion.  As stated in the Court's Order on the first Motion to Enforce, the Court may enforce its own orders and review IJ detention determinations under an abuse of discretion standard.  (*See* ECF No. 20 at 3.)  At the bond hearing, Respondents only argued that Petitioner was a flight risk, not a risk of dangerousness.  The only initial basis for that argument was a non-descript reference to a violation for "not complying with instructions."  On reply, Respondents again argued flight risk, mentioning limitations on his potential asylum claims and that he had been present in the United States for less than two years.  Respondents also mentioned concerns about Petitioners' "time in Canada", though these concerns are unexplained.  The IJ did not state on the record any basis for her decision to find that

---

[1] With his supplemental brief, Petitioner also requested to proceed pro se.  (ECF No. 27.)  That request was granted.  (ECF No. 28.)

Respondents had met their burden to establish that Petitioner was a flight risk, but even if the IJ had adopted the Respondents' view in full, the vague, limited arguments presented cannot meet the Government's burden to establish, by clear and convincing evidence, that Petitioner is such a risk of flight such that no amount of bond is sufficient.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's unopposed Motion to Enforce Judgment (ECF No. 21) is GRANTED;

2. Respondents are ORDERED to immediately release Petitioner Ajay Kumar from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

3. Respondents shall file a status report within five (5) days confirming Petitioner's release.

4. Petitioner's Motion for Temporary Restraining Order (ECF No. 22) is DENIED AS MOOT.

5. The Clerk of the Court is directed to serve Central Valley Annex with a copy of this Order.

6. The Clerk of the Court is further directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4